

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2005

# Verissimo v. INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1945

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Verissimo v. INS" (2005). *2005 Decisions.* Paper 1078.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1078

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1945
_____

SYLVESTER VERISSIMO,

Appellant

v.

IMMIGRATION AND NATURALIZATION SERVICE
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-CV-00570)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2005

BEFORE: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed : June 2, 2005)

_____

OPINION
_____

PER CURIAM

Sylvester Verissimo is a native and citizen of Nigeria. He entered the United

States as a conditional permanent resident in 1990, but never applied to remove the

conditional status. Based on several criminal convictions, Verissimo was served with a

Notice to Appear, charging him as being removable for committing an aggravated felony. Verissimo sought withholding of removal, and withholding and deferral of removal under the United Nations Convention Against Torture (CAT).

The Immigration Judge (IJ) denied withholding of removal under INA § 241(b)(3), finding that Verissimo had not met his burden of showing that the past mistreatment he testified to was on account of any political activity, but the IJ granted withholding of removal under CAT. The IJ found that it was more likely than not that Verissimo would be interrogated upon his return to Nigeria as a deportee, and that he would likely be subjected to "cruel and degrading conditions of detention and likely be tortured in hopes of extracting a bribe."

The INS appealed, and the Board of Immigration Appeals (BIA) found that "respondent's claims of torture or mistreatment are highly speculative and are not supported by the record." The BIA vacated and reversed the IJ's grant of withholding of removal.

Verissimo filed a habeas petition, and several other documents in the United States District Court for the Middle District of Pennsylvania, which the Court construed together as a habeas petition. Verissimo's main claim was that the BIA incorrectly reversed the IJ on his CAT claim. Verissimo also later filed a motion for release on bond pending disposition of the habeas petition.

The District Court concluded that it lacked subject matter jurisdiction over Verissimo's petition to the extent it sought review of the BIA decision denying him

2

withholding of removal under the Convention Against Torture. Dist. Ct. Op., 1/30/03, at 3. The Court also denied Verissimo's petition for relief from detention pending removal.

After Verissimo filed an appellate brief in this Court, the Government filed an unopposed motion to have the matter remanded to the District Court for consideration of the effect of our decision in Ogbudimkpa v. Ashcroft, 342 F.3d 207 (3d Cir. 2003),[1] and also for consideration of the fact that Verissimo had been removed on September 24, 2003. We retained jurisdiction and remanded the matter to the District Court.

On remand, the Court recognized that it had jurisdiction to consider Verissimo's CAT claim, but that its jurisdiction was limited to statutory and constitutional claims asserting erroneous application of legal principles to undisputed facts. Bakhtriger v. Elwood, 360 F.3d 414, 424 (3d Cir. 2004).[2] The Court found that Verissimo's only claim of legal error was a vague statement that the BIA's decision was "manifestly contrary to law." The Court recognized that it could not review the BIA's decision to the extent it rested on a finding of insufficiency of the evidence. Bakhtriger, 360 F.3d at 420. The Court also found that the BIA had not applied an improper standard of review of the IJ's decision.

We agree with the District Court that Verissimo's vague allegations of legal error

---

[1] In Ogbudimkpa, this Court held that a district court has jurisdiction to consider a habeas petition raising violations of the CAT.

[2] The District Court correctly found that the fact that Verissimo had been removed did not strip the Court of jurisdiction, due to the continuing collateral consequences for Verissimo. Chong v. INS, 264 F.3d 378, 385 (3d Cir. 2001).

are not sufficient to compel a holding that the BIA erred in sustaining the Government's

appeal.[3]  For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] In a supplemental brief filed in the District Court, Verissimo appears to have claimed that he would be jailed upon return to Nigeria, and that general prison conditions could constitute torture.  It is not clear whether he raised this claim (as opposed to a claim that he would be detained and beaten to extract a bribe) before the IJ and the BIA.  Assuming he did exhaust his administrative remedies, this claim is foreclosed by Auguste v. Ridge, 395 F.3d 123, 145-46 (3d Cir. 2005), in which we held that indefinite detention in deplorable prison conditions does not rise to the level of "torture," absent a showing of specific intent to inflict pain and suffering.